# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

**BAP NO. MW 24-016**

**Bankruptcy Case No. 23-40709-CJP**

**WESTBOROUGH SPE LLC,**
**Debtor.**

**LOLONYON AKOUETE,**
**Appellant,**

**v.**

**NATHANSON & GOLDBERG, P.C.; MOBILESTREET TRUST;**
**TOWN OF WESTBOROUGH; and**
**JONATHAN R. GOLDSMITH, Chapter 7 Trustee,**
**Appellees.**

**Finkle, Chief U.S. Bankruptcy Appellate Panel Judge;**
**Lamoutte and Cabán, U.S. Bankruptcy Appellate Panel Judges.**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before us is a Motion for Reconsideration filed by the pro se appellant, Lolonyon Akouete (the "Appellant"), on September 2, 2024. The Appellant seeks reconsideration of the Panel's Judgment of Dismissal entered on August 29, 2024, wherein we determined that the order on appeal was interlocutory and did not meet the criteria for interlocutory review. For the reasons set forth below, the Motion for Reconsideration is **DENIED**.

## BACKGROUND

We need not recount the relevant procedural history of the bankruptcy case, as it is set forth in the Judgment of Dismissal, which is incorporated herein by reference. See Akouete v.

Nathanson & Goldberg, P.C. (In re Westborough SPE LLC), BAP No. MW 24-016, slip op. (B.A.P. 1st Cir. Aug. 29, 2024).

The Appellant filed a notice of appeal with respect to the bankruptcy court's July 25, 2024 order (the "Order") denying his second Motion for Interim Distribution as "premature" because the chapter 7 trustee had not completed his review of claims in connection with the administration of the estate. On August 29, 2024, we entered a Judgment of Dismissal, dismissing the appeal for lack of jurisdiction. We determined that the Order was not a final order and, therefore, not appealable as of right. We further concluded that the Order did not satisfy the requirements for discretionary review under any of the three precepts for conferring appellate jurisdiction over interlocutory appeals: the application of the criteria governing 28 U.S.C. § 158(a)(3) review of interlocutory orders; the collateral order doctrine; or the Forgay-Conrad doctrine.[1]

On September 2, 2024, the Appellant filed the subject Motion for Reconsideration. Citing In re Wedgestone Financial, 142 B.R. 7, 8 (Bankr. D. Mass. 1992), the Appellant asserts that reconsideration is warranted when there is "newly discovered evidence or a manifest error of fact or law." He does not specifically identify any error of fact or law by the Panel in dismissing the interlocutory appeal. Rather, he contends that reconsideration is warranted as there is "newly discovered evidence that significantly impacts the merits of the case" which "was not available at the time of the original proceedings." The Appellant also asks us to exercise jurisdiction over this appeal under the collateral order and the Forgay-Conrad doctrines.

[1] Although we elaborated only as to the first of these precepts—the 28 U.S.C. § 1292(b) criteria governing 28 U.S.C. § 158(a)(3) review—we specifically concluded that, based on the record, interlocutory review was not warranted under any of the three precepts.

The Town of Westborough (the "Town") objects to the Motion for Reconsideration, arguing it should be denied as the Appellant has not demonstrated an error of law in the Judgment of Dismissal or presented any new evidence discovered after the Judgment of Dismissal was entered.

## APPELLATE JURISDICTION

### I. Standard Governing Motions for Reconsideration

Although the Appellant denominates the motion before the Panel as one for "reconsideration," it is well established that Bankruptcy Rule 8022—entitled "Motion for Rehearing"—is "the exclusive avenue for post-judgment petitions . . . during a bankruptcy appeal[.]"[2] Chase Monarch Int'l Inc. v. Medawar (In re Chase Monarch Int'l Inc.), 453 F. Supp. 3d 484, 485 (D.P.R. 2020) (citation omitted); see also Reynolds v. Maryland, No. ELH-17-3158, 2018 WL 5045192, at *1 (D. Md. Oct. 16, 2018) ("Bankruptcy Rule 8022 'provides the sole mechanism for filing a motion for rehearing' from a final order of . . . a bankruptcy appellate court") (citations omitted). Bankruptcy Rule 8022 requires a party seeking rehearing to "state with particularity each point of law or fact that the movant believes the . . . BAP has overlooked or misapprehended . . . ." Fed. R. Bankr. P. 8022(a)(2). Application of Bankruptcy Rule 8022 is "strict," as "the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." Am. First Fed., Inc. v. Theodore, 584 B.R. 627, 632 (D. Vt. 2018) (citation omitted).

When determining whether to grant relief under Bankruptcy Rule 8022, courts have employed the same standard as for a motion to alter or amend a judgment under Rule 59(e).

---

[2] All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and references to "Rule" are to the Federal Rules of Civil Procedure.

See, e.g., ColFin Bulls Funding A, LLC v. Paloian (In re Dvorkin Holdings, LLC), No. 15cv3118, 2016 WL 1644323, at *2 (N.D. Ill. Apr. 25, 2016) (stating that Bankruptcy Rule 8022 "is the bankruptcy counterpart" to Rule 59, which "exists to permit the court to correct manifest errors of law or misapprehensions of fact") (citation omitted). To prevail under Rule 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

## II. Applying the Standard

In the Motion for Reconsideration, the Appellant does not argue that we erred in determining that the Order was interlocutory and did not meet the criteria for discretionary review under 28 U.S.C. § 158(a)(3). Instead, he argues that reconsideration is warranted because: (1) there is "newly discovered evidence" which "significantly impacts the merits of the case"; and (2) the Order meets the criteria for interlocutory review under the collateral order and Forgay-Conrad doctrines. We discuss each of these asserted grounds for reconsideration in turn.

### A. Newly Discovered Evidence

Through his Motion for Reconsideration, the Appellant offers seven emails between various individuals, spanning from 2017 to mid-2024, which purportedly demonstrate fraud in the tax foreclosure action, collusion in the settlement negotiations between the chapter 7 trustee and the Town, and a "coordinated effort" by various parties to prevent the Appellant from accessing "unclaimed funds [of the Debtor] to prevent adequate legal representation and challenge to the foreclosure."[3] The Appellant contends this evidence is "crucial" to the

[3] The Town's claim arises from a tax foreclosure judgment, which the Debtor seeks to vacate. After the Town sought stay relief to conclude the tax foreclosure action and dismissal of the involuntary petition on the grounds that it was "designed solely to hinder final resolution" of the tax foreclosure action, the chapter 7 trustee and the Town reached a settlement agreement resolving their disputes, which has been submitted to the bankruptcy court for approval.

bankruptcy proceedings "as it directly impacts the fairness and legality of the foreclosure proceedings and the subsequent handling of the [D]ebtor's assets."

We are not persuaded to reconsider our dismissal of this appeal for lack of jurisdiction based on the Debtor's late presentation of this series of emails. First, the Appellant has not established that this evidence was "newly discovered." The Appellant asserts that he obtained this evidence through "recent discovery, which was not available during the original [bankruptcy] proceedings." He has not demonstrated, however, that he did not obtain the evidence until after entry of the *Judgment of Dismissal*—the relevant judgment here—or that the evidence was not reasonably discoverable earlier through due diligence. See City of Mia. Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022) (stating that movant must show evidence was not obtained until after judgment entered and that movant "could not in the exercise of reasonable diligence have obtained [the] new evidence earlier"). If the evidence was not discovered until after the Judgment of Dismissal was entered, it cannot justify reconsideration of the Judgment of Dismissal. See Trout v. Organización Mundial de Boxeo, Inc., 965 F.3d 71, 77 (1st Cir. 2020) (stating that motion for reconsideration "does not allow a party to introduce new evidence . . . that could and should have been presented to the . . . court prior to the judgment").

Second, the Appellant has not explained how these emails would have altered our analysis of whether the Order satisfied the criteria for interlocutory review. See Am. First Fed., Inc., 584 B.R. at 632 (stating that purpose of rehearing is "to direct the court's attention to a material matter of law or fact . . . which, had it been given consideration, would probably have brought about a different result"). Nor could he as our jurisdictional analysis does not turn on the validity of the tax foreclosure proceedings or whether the settlement is in the best interest of creditors. To the extent the Appellant is arguing that this new evidence would have altered the

*bankruptcy court's* determination of whether his motion for interim distribution was premature, that question is not properly before us in a motion seeking reconsideration of our dismissal of the appeal on jurisdictional grounds. See Canning v. Beneficial Me., Inc. (In re Canning), 706 F.3d 64, 72 n.10 (1st Cir. 2013) ("[E]vidence cannot be submitted for the first time on appeal.") (quoting United States v. Rosario-Peralta, 175 F.3d 48, 56 (1st Cir. 1999)).

For these reasons, we decline to reconsider the Judgment of Dismissal on the basis of "newly discovered evidence."

**B. Manifest Error of Law**

In invoking the collateral order and Forgay-Conrad doctrines after we already summarily rejected them in the Judgment of Dismissal, the Appellant also implicitly argues that we committed a manifest error of law by not exercising jurisdiction over this appeal under these doctrines.

Under the collateral order doctrine, an order "though not yet final, may be appealed immediately if it 'finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 54-55 (1st Cir. 2009) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). In the First Circuit, to qualify as a reviewable collateral order, the order must have: "(1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, and (4) be effectively unreviewable on appeal from a final judgment on the remaining counts." Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998) (citations omitted).

The Order does not satisfy any of these criteria. See BancBoston Real Estate Cap. Corp. v. JBI Assocs. Ltd. P'ship (In re Jackson Brook Inst., Inc.), 227 B.R. 569, 577 (D. Me. 1998) (discussing elements of collateral order doctrine). The Order, which simply denied the Appellant's motion as "premature" and involved a discretionary decision of the court, did not "conclusively" determine any issue, let alone an "important legal question." See id. Additionally, as the Order relates to the distribution of estate assets, it is inherently connected to the administration of the bankruptcy case and, as such, it is not "completely separate from the merits" of the main dispute. See id. And finally, the Appellant has not established that denial of an immediate appeal renders the Order "effectively unreviewable" from a final claim allowance order. See id.

The Appellant has also failed to establish that interlocutory review is warranted under the Forgay-Conrad doctrine, which "bestow[s] appellate jurisdiction over interlocutory orders when 'irreparable injury' to the aggrieved party may attend delaying appellate review until the litigation is over." In re Bank of New Eng. Corp., 218 B.R. at 649 n.8 (citation omitted). "Irreparable injury is that which is substantial and not compensable by monetary damages or other legal remedies." Gonzalez v. Recht Fam. P'ship, 51 F. Supp. 3d 989, 992 (S.D. Cal. 2014) (citation omitted). "Usually this will involve a court order which, although interlocutory, orders the immediate disposition and delivery of property." In re Am. Colonial Broad. Corp., 758 F.2d 794, 803 (1st Cir. 1985) (citation omitted).

Here, the Appellant does not argue, and the record does not suggest, that the Order determined any rights to property or that it authorized an immediate disposition and delivery of estate assets. See id. On the contrary, the Order delays, rather than directs, any distributions from the bankruptcy estate. Although the Appellant argues that "denial of interim distribution causes [him] immediate financial harm by preventing access to funds that are essential for legal

representation" to contest the settlement agreement and the sale of the Debtor's property, the asserted harm is not the kind of irreparable injury contemplated by the Forgay-Conrad doctrine. See Insurers Syndicate for Joint Underwriting of Medico-Hosp. Prof'l Liab. Ins. v. Corporacion Insular de Seguros v. Garcia (In re Insurers Syndicate for Joint Underwriting of Medico-Hosp. Prof'l Liab. Ins.), 864 F.2d 208, 210, n.4 (1st Cir. 1988) (refusing to apply Forgay-Conrad doctrine where order on appeal "involve[d] neither title to property nor its 'immediate disposition and delivery' . . . in the requisite proprietary sense") (citation omitted); see also Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64, 67 (D.R.I. 1988) ("The Forgay exception is very narrow and applies only when a trial court has ordered a party to act and the order will result in an irremediable change in the positions of the parties."). Accordingly, the Forgay-Conrad doctrine does not operate to bestow appellate jurisdiction in this instance.

For these reasons, we conclude there was no manifest error of law in our determination that immediate review was not warranted under either the collateral order doctrine or the Forgay-Conrad doctrine.

## CONCLUSION

For the reasons discussed above, the Motion for Reconsideration is **DENIED**.

FOR THE PANEL:

Dated: September 26, 2024

By: /s/ Leslie C. Storm
Leslie C. Storm, Clerk

cc:
By U.S. Mail: Westborough SPE LLC
By U.S. Mail and email: Lolonyon Akouete; Jeffrey T. Blake, Esq.; Jose Couto Centeio, Esq.; Brian W. Riley, Esq.
By CM/ECF: Stephen F. Gordon, Esq.; Roger L. Smerage, Esq.; Jonathan R. Goldsmith, Esq.